THE LEEDS LUMBER COMPANY v. EVA M. HAWORTH,
*et al.*, Appellants.

**Limitation of Actions: LIEN.** An action to foreclose a mechanic's
lien; which is not barred by limitation against the principal debtor
because of her removal from the state before the statute had fully
run, is not barred as to other lienors who have been residents of
Iowa during the entire period.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

FRIDAY, MAY 22, 1896.

PLAINTIFF, on March 29, 1894, began its action in
the district court of Woodbury county against the
defendants, for the establishment and foreclosure of
a merchanic's lien.   The petition charged that on
April 22, 1891, plaintiff made a contract with Eva M.
Haworth and I. N. Haworth to furnish building
material for a house on a certain lot in the city of
Sioux City; that Eva M. Haworth owned said lot under
a contract with plaintiff; that certain materials were
furnished for said building, for which there was one
hundred and eight dollars and thirty cents due; that
said materials were delivered, and the prices charged
therefor were the reasonable value of the same; that
a duly itemized and verified account was on August 9,
1891, filed in the office of the clerk of the district
court of said county.   It is also alleged that both the
Haworths have been non-residents of the state of
Iowa for two years last past, so that service of process
could not be had upon them in this state; that the
legal title to the premises is in the Fidelity Loan &
Trust Company, trustee in a deed of trust to secure
bonds which are outstanding and unpaid.   To this

petition, the defendants, except the Haworths, demurred, on the ground that the right to foreclose a mechanic's lien upon the property, was barred by the statute of limitations. The demurrer was overruled by the court, and, the said defendants excepting and electing to stand on their demurrer, the court entered a decree in favor of plaintiff, holding its lien superior to the liens of the said defendants. From this decree said defendants appeal.—*Affirmed.*

*Kean & Sherman* and *S. E. Hostetter* for appellants.

*F. B. Robinson* for appellee.

KINNE, J.—The sole question presented by this appeal is whether an action to foreclose a mechanic's lien, not barred by the statute of limitations against the principal debtor, by reason of her removal from the state before the statute had fully run, and her constant non-residence thereafter, is barred as to other persons holding liens upon the premises, who have been residents of the state during the entire period. Our statute provides that the following actions may be "brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared; * * * Actions to enforce a mechanic's lien within two years from the time of filing the statement in the clerk's office." Code, section 2529, subd. 2. It is also provided that "the time during which a defendant is a non-resident of the state shall not be included in computing any of the periods of limitations above described." Code, section 2533. Appellants were not parties to the contracts between plaintiff and the Haworths. They are in no way privy to it. The statute was not set in operation by any act

of theirs. The debt was Eva M. Haworth's, and such debt, under the statute, gave the right to the lien which plaintiff seeks to assert. A mechanic's lien, in a sense at least, is an incident of a debt, the result of a contract. We have held that when, by reason of the non-residence of the defendant, an action upon a promissory note is not barred, an action to foreclose a mortgage securing the note is not barred as against subsequent purchasers and junior lienholders, whc have been residents of the state during the entire statutory period; that, so long as the mortgage is enforceable as against the original debtor, the statute is no bar to its enforcement against the subsequent lienholders. *Clinton County v. Cox,* 37 Iowa, 570; *Shearer v. Mills,* 35 Iowa, 500; *Robertson v. Stuhlmiller,* 93 Iowa, 326 (61 N. W. Rep. 986). The doctrine announced in these and other cases is applicable to the case at bar, and, following it, the district court properly overruled the demurrer.—AFFIRMED.