THE PACIFIC ELEVATOR COMPANY v. JAMES W.
WHITBECK.

No. 12,187.  (64 Pac. 984.)

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Liability of Stockholder.* The statutory liability of a stockholder in a corporation is contractual; but it is separate and collateral to the liability of the corporation, and in the nature of security for the debts of the latter.

2. ———— *Liability of Stockholder—Limitation of Action.* A cause of action against a corporation which accrues on the suspension of business by the corporation, against which the statute of limitations will run within three years thereafter, will become barred at the same time as to a stockholder on his individual liability, notwithstanding the creditor cannot commence an action against the stockholder until after the expiration of one year from the time the corporation suspended business.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed May 11, 1901. Division two. Affirmed.

*Sankey & Campbell,* for plaintiff in error.

*Thomas B. Wall,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The defendant in error was the owner of forty-five shares of stock in the Bank of Andale, and the plaintiff in error was a depositor in said bank. On October 17, 1893, the bank suspended business, owing plaintiff in error. A receiver was appointed, and his final report was made on June 25, 1896. The plaintiff in error proved its claim before the receiver and received dividends thereon, the last being paid in August, 1896. On November 10, 1896, plaintiff in error commenced this action to recover from defendant in error on his statutory liability the indebted-

ness due it from the bank.   The defendant. pleaded the three-year statute of limitations, to which the plaintiff filed a demurrer, which was overruled, and the plaintiff excepted.   The parties then entered into an agreed statement of facts.   The material and substantial parts, and all that is necessary for a complete understanding of the case and for the purpose of determining the question involved, are stated above. Upon this agreed statement, the court rendered judgment for defendant, and the plaintiff brings the case here.

The question involved is the application of the statute of limitations. . The plaintiff's cause of action against the corporation matured when it suspended business, and this action not having been commenced for more than three years thereafter, it was barred as against the corporation at the time.

Section 2, article 12, of the constitution, provides that "dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law." In this state no other means have been provided to secure the dues from a corporation.   A stockholder's liability to the creditors of a corporation is contractual ; it is separate and collateral to the liability of the corporation.   While a stockholder is not in all respects a surety for the debts of the corporation, still he stands in the relation of a surety, and in determining the question involved in this case we shall so treat him.   In Morawetz on Private Corporations, § 883, it is said :

"The special individual liability of the members of a corporation is not intended to be the primary source for the payment of the corporate debts.   The fund

subscribed by the shareholders at the formation of
their company is expected to be the company's sole
working capital and the means of satisfying its cred-
itors.    Any additional individual liability assumed by
the corporators is intended merely as a secondary se-
curity for creditors, in case the capital supplied for
carrying on the company's business should be lost in
speculation.''            ·

To the same effect are the following cases : *Brown
v. Hitchcock*, 36 Ohio St. 667 ; *Wright et al. v. McCor-
mack et al.*, 17 id. 86 ; *Hawthorne v. Calef*, 2 Wall. 10, 17
L. Ed. 776.

Section 1310 of the General Statutes of 1901 reads :

''A corporation is dissolved—first, by the expiration
of the time limited in its charter ; second, by a judg-
ment of dissolution rendered by a court of competent
jurisdiction ; but any such corporation shall be deemed
to be dissolved for the purpose of enabling any cred-
itors of such corporation to prosecute suits against the
stockholders thereof to enforce their individual lia-
bility, if it be shown that such corporation has sus-
pended business for more than one year.''

According to the agreed statement of facts, the
Bank of Andale suspended business October 17, 1893.
Therefore, under the above provision of the statute,
the plaintiff in error might have commenced its action
against the defendant in error at any time thereafter
after the expiration of one year.

The stockholder standing in the relation of surety
to the corporation, his liability must cease when the
liability of the corporation no longer exists.    Mani-
festly, and in conformity to well-recognized legal prin-
ciples, no action can be maintained against a surety
unless the liability of the principal exists at the time
the action is commenced.    (See Monographic Notes to
*Leeds Lumber Co. v. Haworth*, 98 Iowa, 463, 60 Am. St.
Rep. 207, 67 N. W. 383.)  Conceding, but not decid-

ing, that the statute of limitations did not begin to run against the stockholder until one year after the bank had suspended business, and that thereafter the plaintiff had three years in which to bring its action against the stockholder, it could not recover in such action unless it had a valid and subsisting demand against the corporation enforceable at law, and this demand it would have to establish before it could recover a judgment against the stockholder.   The liability of a stockholder is only such as the statute creates, and, under the statute, he is only liable for the debts of the corporation which are at the time enforceable against the corporation.   The plaintiff in error had no claim that could be enforced against the corporation when it commenced its action against the stockholder ; therefore the stockholder is not liable.

The judgment of the court below is affirmed.

JOHNSTON, CUNNINGHAM, JJ., concurring.