LANGDON C. WEST, *as Trustee of the estate and effects of Kasper Streich, Bankrupt*, v. THE BANK OF LAHOMA.

(Filed February 15, 1906.)

1.  BANKRUPTCY—Powers of Trustee as to Bringing Suits. A trustee in bankruptcy may maintain any action in his own name as trustee for the use and benefit of the estate he represents, but he has not the judicial power to determine that an action brought by him in his official capacity for the use and benefit of a third person who claims to be a creditor of the estate would redound to the benefit of the estate, and thereupon bring such action in his own name as trustee for the use and benefit of such third person.

2.  SAME—Powers of Trustee as to Creditors. A trustee in bankruptcy represents the estate, and cannot act on behalf of a particular creditor to the extent of securing for such creditor a preference right which the bankrupt court has not considered or allowed.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before C. F. Irwin, Trial Judge.*

*Charles West,* for plaintiff in error.

*H. J. Strugis* and *Horace Speed,* for defendant in error.

### STATEMENT OF FACTS.

This cause was commenced in the district court of Garfield county by filing therein a petition, the first and second paragraphs of which read as follows:

"Comes plaintiff and says that he is the duly appointed, qualified and acting trustee in bankruptcy of the estate and effects of Kasper Streich, bankrupt, under the laws of the United States; that defendant is a banking corporation duly organized and doing business under and by virtue of the laws of the Territory of Oklahoma, and defendant was such at all the times named herein; that on the 16th day of May, 1902, in the district court of the United States for the fifth district of Oklahoma, a court of competent jurisdiction, certain creditors of Kasper Streich filed a petition in bankruptcy, alleging sufficient causes for the adjudication therein prayed for against Kasper Streich; and that thereafter on the 8th day of July, 1902, said Kasper Streich was duly adjudicated a bankrupt in said court, and the allegations of said petition were found by said court to be true; that thereafter on the 30th day of July, 1902, this plaintiff Langdon C. West was in due form and manner elected trustee in bankruptcy of the estate and effects of the said Kasper Streich, and is now the duly appointed, qualified and acting trustee.

"And for a second cause of action, plaintiff repeats the general allegations preceeding his first cause of action, and makes the same part of this second cause of action, just as though the same was herein set out again in the same words, and says further: for a second cause of action, that on the 9th day of May, 1902, for value and in the ordinary course

of business and without notice, and to pay an indebtedness then and there created, and not an antecedent indebtedness, the Citizens Bank of Enid, a banking corporation of Enid, Oklahoma, organized under the laws of the Territory of Oklahoma, received of and from the said Kasper Streich, the check of the said Kasper Streich for $500.00, drawn upon said defendant Bank of Lahoma; that said Kasper Streich was then and there insolvent and in failing circumstances. That said Streich represented to said Citizens Bank of Enid that there was on deposit in the Bank of Lahoma to his credit a fund in the sum of $1,800.00, and that said check was drawn upon said fund, and it was then and there intended by the parties that said check should be and act as an assignment of so much of said fund as said check was written for. That at said time there was on deposit in the Bank of Lahoma a fund to the credit of said Streich in the sum of $1,800.00. That said Citizens Bank of Enid believed said representations and relied thereon. That through the ordinary business channels in due time said Citizens Bank negotiated said check, and presented it to said Bank of Lahoma, at its principal place of business, during business hours on the 13th day of May, 1902; that then and there said Bank of Lahoma had sufficient funds belonging to said Kasper Streich, the drawer of said draft, to pay said check, and it was the duty of it, said Bank of Lahoma, then and there, to pay said check but that said Bank of Lahoma then and there wrongfully and unlawfully failed and refused to pay said check, and caused the same to be protested for non-payment as appears in the record of protest of said check, marked 'Exhibit B' and made a part hereof, and thereby said Citizens Bank was obliged to pay the sum of $1.90 as protest charges. That said Citizens Bank was thereby damaged in the sum of $501.90, with 7 per cent interest from May 13, 1902, until paid. And said Kasper Streich then and there became liable to said Citizens Bank for said sum. That a true copy of said check with all endorsements is hereto attached, marked 'Exhibit A' and made a part hereof. That

said Citizens Bank has filed in the said bankruptcy proceedings aforesaid, its claim for $501.90 with interest at 7 per cent per annum, as against the estate and effects held by your plaintiff for the payment of all proper credits, and that said Citizens Bank claims a lien upon the funds of the said bankrupt held by defendant, Bank of Lahoma, therefrom arising because of matters above set forth, against the property of the Bank of Lahoma, sufficient to satisfy said debt, and has asked that plaintiff bring this action against said defendant upon said protested check, in its behalf and set up its claim as against the funds of the said Kasper Streich held by said defendant and therefrom arising against defendant herein. That if the claim of the Citizens Bank is not satisfied in this action, and not satisfied out of the funds of the said Kasper Streich so as in the first cause of action stated wrongfully to be converted by defendant, it will have a claim to the extent of the said check and protest fees thereon, as against the other assets, effects and estate of the said Kasper Streich, bankrupt, and thus it is to the interest of said plaintiff that the said Citizens Bank should be satisfied in this action, and that the Bank of Lahoma should be compelled to pay to the plaintiff for the use and benefit of the Citizens Bank the sum of $501.90, with 7 per cent interest thereon, from the 13th day of May, 1902, until paid. That your plaintiff has examined into the facts above stated, and has decided that it is to the interest of the said estate to bring this action, that plaintiff has often demanded of said defendant, Bank of Lahoma, that this said sum be paid, and that defendant still fails and refuses to pay the same."

"EXHIBIT A.

"Lahoma, Okla., May 9th, 1902.

"Pay to the order of Citizens Bank $500 Five Hundred & no 100 Dollars.

K. STREICH.

"To Bank of Lahoma, Lahoma, Okla.,

"Endorsed:

"Pay to any bank or banker, endorsements guaranteed.

"Citizens Bank, Enid Oklahoma.

M. H. WATKINS, cashier."

Nine other causes of action of the same tenor and import are set out in the same language, each count, however, being upon a separate check drawn by the said Kasper Streich upon the same bank but each in favor of a different payee.

To this petition a demurrer was filed by defendant in the following words (Omitting the title of the cause.)

"The defendant demurs to the amended petiton herein upon the grounds: First, that the plaintiff has no legal capacity to sue in this cause or upon the cause of action set out in the petition; second, that the petition does not state facts sufficient to constitute a cause of action."

Upon the issue so presented the cause was tried to the court below, resulting in a judgment for the defendant for costs, and from this judgment the plaintiff brings the case to this court upon error.

Opinion of the court by

GILLETTE, J.: It will be observed from the foregoing statement that no cause of action is stated in favor of the plaintiff and against the defendant, nor is a judgment sought that directly inures to the benefit of the plaintiff, the plaintiff's allegation being that if judgment is obtained against the defendant for the use and benefit of the Citizens Bank of Enid, such bank would not demand from the estate that plaintiff represents the sum of money that it is now demanding. That the plaintiff has examined into the facts and decided that it is to the interest of the estate he represents to bring this action, and that he has demanded of the defendant that

the amounts sued for be paid, which in the first cause of action amounts to $501.90. Nine other causes of action for that many different beneficiaries are set forth in the petition, each setting forth the same allegations as to the right of plaintiffs to sue, and the liability of defendant, the total judgment prayed for being $1,037.90.

We do not understand that because a person fears a demand against himself in case another person fails to pay an honest debt that he may thereupon take it upon himself to litigate the rights of such other parties, although he may be satisfied as to such right, and believe that he is saving by so doing.

This action is brought under the Oklahoma code of civil procedure, which provides (Wil. Ann. Stat. sec. 4224): "Every action must be brought in the name of the real party in interest, except as otherwise provided in section 28." Sec. 28 being running section 4226, which provides: "An executor, administrator, guardian or trustee of an express trust may bring an action without joining with him the person for whose benefit it is prosecuted."

This action is not brought in the name of the real party in interest, and while the plaintiff may be said to be the trustee of an express trust, and for that reason under the terms of the statute it was not necessary to join with him the person for whose benefit the action was brought, we take it that before he could bring such action at all he would have to show by his petition that any judgment recovered would be the property of the trust estate when recovered, instead of a judgment for the benefit of a third person, which in the opinion of the trustee would ultimately redound to the benefit of the estate.

If at the beginning of this action there were funds of the bankrupt in the Bank of Lahoma which the bankrupt had a right to for any purpose, the plaintiff as trustee by virtue of his office became entitled to the possession of the same for the use and benefit of the estate. The plaintiff as trustee could rightfully sue to recover the same only for the use and benefit of the estate, leaving the bankruptcy court to determine whether or not the Citizens Bank of Enid and the other persons for whose benefit the suit was brought, were entitled to preferred claims. It was not the province of the trustee to determine for himself that certain creditors of the bankrupt were entitled to preferred claims out of particular assets, and then sue to recover such assets for the use and benefit of such creditors.

The trustee has no judicial authority and where such is needed he must resort to the court as the bankrupt would have been compelled to do had no proceedings been instituted.

The powers of the trustee arise wholly out of the bankruptcy act of 1898 and amendments thereto, and we are unable to find any provision of that act which authorizes a trustee in bankruptcy to bring an action for any use other than the direct benefit of the estate, to be thereafter distributed according to the judgment and decree of the bankruptcy court.

If the bankrupt Kasper Streich at the time of his bankruptcy had any title to funds or credits in the Bank of Lahoma, the title to the same passed to the plaintiff upon his appointment as trustee of such bankrupt estate, and the plaintiff might sue for and recover the same for the general use and benefit of the estate which he represented. If he had no

title to such funds or credits, but title to the same had rightfully passed to some third person, the plaintiff could not bring the action for the use and benefit of such third person, for he was the real party in interest, and the plaintiff was not a trustee of his estate, or an officer authorized to act for his use and benefit.

It follows from these conclusions that this action in this form could not rightfully be maintained, and the demurrer was properly sustained.

Judgment of the lower court must be affirmed with costs ;

Irwin, J., who presided in the court below, not sitting. all the other Justices concurring.