## Laban Hayward, Administrator, Appellee, v. S. S. Sencenbaugh, Appellant.

### Gen. No. 4,913.

1. CORPORATIONS—*what law governs stockholders' liability.* The liability of a stockholder is governed by the law of the domicile of the corporation.

2. CORPORATIONS—*when stockholders' liability discharged.* Under the law of Kansas, a stockholder, with respect to his statutory liability, stands in the relation of a surety, and is discharged with respect to such liability as to a demand from which the corporation is relieved by virtue of the Statute of Limitations.

3. COMITY—*how statutes of sister state construed.* Where the statutes of a sister state are a part of the contract involved in the litigation, the construction which will be given by the courts of this state to such statutes is the construction which has been given thereto by the Supreme Court of such sister state.

4. EVIDENCE—*how laws of sister state established.* The law of a sister state is a question of fact, to be proved the same as any other fact by the introduction of evidence, and the construction of such law may be proved by the printed reports of adjudged cases.

Assumpsit. Appeal from the Circuit Court of Kane county; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed April 14, 1908.

S. N. HOOVER and JOHN A. RUSSELL, for appellant.

RAYMOND & NEWHALL, for appellee; ALDRICH & WORCESTER, of counsel.

Mr. Justice Thompson delivered the opinion of the court.

The Aurora Mining Company is a corporation organized under the laws of Kansas September 8, 1897, for the purpose of mining lead and zinc, with its place of business at Galena, Kansas. After the organization of the corporation it purchased a mining lease in connection with a concentrating mill, and on September 27, 1897, issued in payment for the lease and mill $25,000 of bonds payable at the Galena National Bank at Galena, Kansas; $10,000 of the bonds became due in one year and $15,000 in two years.

The corporation paid the bonds maturing September 27, 1898. When the bonds due in two years matured it had practically exhausted the supply of ore on its leased land, and sometime thereafter, having no assets and being insolvent, it suspended business. Sencenbaugh, the appellant, contends that the corporation suspended business in April, 1900, while Hayward, the appellee, contends it did not suspend until July, 1901. William B. Russell died in March, 1901, and the appellant was appointed administrator of his estate. Russell and Sencenbaugh, from prior to the organization of the corporation up to the time of Russell's death, and Sencenbaugh since that time, were residents of Kane county, Illinois, where substantially all the stockholders and directors appear to have resided. At the time the corporation suspended William B. Russell, appellee's intestate, was the owner of $1,800 of the capital stock of the corporation and $3,000 of the bonds last maturing; Sencenbaugh, the appellant, was the owner of $5,000 of the capital stock of the corporation and $1,000 of said bonds. In 1903 the appellee began a suit in the Circuit Court of Kane county, Illinois, against the corporation; that suit was by a change of venue transferred to DeKalb county, where plaintiff obtained a judgment on April 17, 1906, on the bonds of the corporation owned by the Russell estate.

Hayward v. Sencenbaugh.

This suit was brought in *assumpsit* in the Circuit Court of Kane county April 24, 1906, against Sencenbaugh upon the same bonds that judgment was recovered against the corporation in DeKalb county. The declaration contains one count and avers the organization of the Aurora Mining Company in the County of Cherokee in the State of Kansas, under a statute entitled "An act concerning corporations," in force October 31, 1868, and all acts amendatory thereof; that it is not a railway, religious or charitable corporation; that at the time the liability was incurred there was in force in the State of Kansas a provision in the state constitution that "Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder"; that there was also in force a certain statute providing that a corporation is dissolved, first, by expiration of the time limited in its charter; second, by a judgment of dissolution by a court of competent jurisdiction, but any corporation shall be deemed to be dissolved for the purpose of enabling any creditor of such corporation to prosecute suits against the stockholders to enforce their individual liability, if it be shown that the corporation has suspended business for more than one year; and further that if any corporation created under this or any general statute be dissolved, leaving debts unpaid, suits may be brought against any person or persons who are stockholders at the time of such dissolution without joining the corporation in such suit, and if judgment be rendered and execution unsatisfied, the defendant or defendants may sue all who were stockholders at the time of such dissolution for the recovery of the portion of such debt for which they were liable; and further, if any stockholder pay more than his due proportion of any debt of the corporation, he may compel contribution from the other stockholders by action; and further, no stockholder shall be liable to pay the debts of the corporation beyond the amount due on his stock and an addi-

tional amount equal to the stock owned by him; that the Supreme Court of Kansas, being the court of last resort of said state, has construed the said provisions holding that each stockholder is severally and individually liable to such creditor of such corporation in an additional amount equal to the amount of his stock, to be recovered in an action brought by such creditor directly against such stockholders without joining said corporation or other stockholders as defendants; that the Aurora Mining Company on September 27, 1897, at the County of Kane, made its six bonds in the sum of $500 each and delivered them to William B. Russell, and then and there became liable to pay said Russell $3,000 at Galena, Kansas, on September 27, 1899, with interest at 6 per cent., etc.; that Sencenbaugh was a stockholder in said corporation, and was the owner of fifty shares of the par value of $100 each, and had paid no money on his original subscription for said stock, and the full amount of the par value is now due and owing from said Sencenbaugh; that the Aurora Mining Company suspended business July 1, 1902, and was then insolvent and without assets, and has not done any business since, by means whereof it became dissolved; that William B. Russell at the time of his death and for ten years prior thereto was a resident of Aurora; that plaintiff is the administrator of said Russell; that Sencenbaugh is and for ten years next prior to the beginning of this suit was a resident of Aurora and has not during any portion of said time been a resident of or owned property in the State of Kansas, and that the liability of said defendant as such stockholder, by the laws of Kansas and the decisions of its court of last resort, exists as a transitory action.

The defendant filed a number of special pleas. Replications were filed traversing the pleas. The case was tried by the court without a jury. No proposition of law was submitted by either party. The court ren-

dered judgment in favor of the plaintiff for $1,610.30 and the defendant prosecutes this appeal.

The only question before this court is, can the judgment be sustained upon the evidence. The fifth plea avers that the Aurora Mining Company is a Kansas corporation; that the stock because of which the suit is brought was subscribed for and issued in Kansas, and the liability is subject to the laws of Kansas, and the bonds described in the declaration were issued and payable in Kansas, and at the time the stock and bonds were issued there was in force a statute of Kansas providing that civil action, other than for the recovery of real property, can only be brought within the following periods and not afterwards: "First: Within five years: An action upon an agreement, contract or promise in writing. Second: Within three years: An action upon a contract not in writing, express or implied: An action upon a liability created by statute, other than a forfeiture or penalty"; that there was and is in force a public statute of Illinois which provides that where a cause of action shall arise in a state out of this state, and by the laws thereof an action thereon cannot be maintained by reason of the lapse of time, an action thereon cannot be maintained in this state. It is averred that the liability sued for arose in Kansas and is a liability created by the statute of Kansas, and is other than a forfeiture or penalty, and did not accrue within three years prior to the beginning of this suit, and that the Supreme Court of Kansas, which is the court of last resort, has passed upon the foregoing provisions and holds that the liability of the stockholders is only such as the statute creates, and that a stockholder is only liable for debts of a corporation upon which at the time an action can be maintained against the corporation. It is averred that the cause of action did not accrue within five years, and the same is barred by the laws of Kansas and Illinois. The sixth plea is similar to the fifth, except that it sets up the Kansas limitation of three years upon a statu-

tory liability. These pleas were simply traversed, there being no replication confessing and avoiding the averments of the pleas.

The Aurora Mining Company, a corporation organized under the laws of Kansas, with its principal office at Galena, Kansas, on September 27, 1897, issued the $3,000 of bonds sued on in this case at Galena, Kansas, where the bonds were due and payable on September 27, 1899. The liability of a stockholder is governed by the law of the domicile of the corporation. 26 Am. & Eng. Ency. of Law (2d ed.) 914. It is the province of the Supreme Court of a state to interpret its organic laws as well as its statutes. The statutes of Kansas being a part of the contract involved in this case, we must resort to the construction given to that statute by the Supreme Court of Kansas to determine its proper interpretation and effect. Fowler v. Lamson, 146 Ill. 472; Fairfield v. County of Gallatin, 100 U. S. 47. The Supreme Court of Kansas holds that: "The stockholder standing in the relation of surety to the corporation, his liability must cease when the liability of the corporation no longer exists. Manifestly, and in conformity to well-recognized legal principles, no action can be maintained against a surety unless the liability of the principal exists at the time the action is commenced." Pacific Elevator Co. v. Whitbeck, 63 Kan. 102. Where a note is executed and made payable in a foreign state, the cause of action arises there, and a suit on the note brought in Illinois must be begun within the time limited by the laws of the foreign state for bringing suit. Section 20, chapter 83, Hurd's Statutes of Illinois; Collins v. Manville, 170 Ill. 614. By the laws of Kansas which were pleaded and proved a suit must be brought upon a written instrument executed in that state within five years from the time the cause of action accrues. A suit against the Aurora Mining Company under the pleading and proofs could not be maintained on the bonds sued on in this case after September 27, 1904. Under the Kansas law the

defendant stood in the relation of a surety for the corporation. A surety is discharged from liability when the right of action against the principal debtor is barred. Auchanpaugh v. Schmidt, 70 Iowa 642; Bridge v. Blake, 106 Ind. 332; Kimble v. Cummins, 3 Met. (Ky.) 327; State v. Blake, 2 Ohio St. 147; Pacific Elevator Co. v. Whitbeck, *supra.*

The fourth and seventh pleas aver in substance, but in different language, that the bonds set out in the declaration were issued by the Aurora Mining Company, a Kansas corporation, and that the stock mentioned in the declaration was subscribed for and issued in Kansas; that in 1903 the plaintiff began suit against the Aurora Mining Company in the Circuit Court of Kane county, Illinois; that that suit was by change of venue taken to DeKalb county, Illinois, where final judgment was rendered in favor of the plaintiff against the Aurora Mining Company on the identical bonds set out in the plaintiff's declaration herein; that the said bonds and all liability thereon became merged in said judgment; that the Supreme Court of Kansas holds, in construing the statute of said state in relation to a stockholder's liability, that when judgment is entered on a bond or note, such bond or obligation loses all force and vitality, and cannot be made the basis of any further action or suit, etc. These pleas were simply traversed by the replications.

The evidence for the appellee shows that the stockholder's liability sought to be enforced is that of a stockholder in a Kansas corporation, and the indebtedness sought to be collected is that incurred by the issuance of the identical bonds upon which a judgment had been rendered in the Circuit Court of DeKalb county against the Aurora Mining Company on April 17, 1906, and that this suit was begun April 24, 1906. The law of a sister state is a question of fact to be proved, the same as any other fact, by the introduction of evidence (Chumasero v. Gilbert, 24 Ill. 293; Dearlove v. Edwards, 166 Ill. 619), and the construction of such

law may be proved by the printed reports of adjudged cases (5 Ency. of Ev. 830; McDeed v. McDeed, 67 Ill. 545). The statute of Kansas concerning the liability of stockholders in a corporation and the decisions of the Supreme Court of Kansas in the cases of Price v. Bank, 62 Kan. 725, and Remington Paper Co. v. Hudson, 64 Kan. 43, were admitted in evidence without objection. These cases hold that where a judgment is rendered on the obligations of a corporation, the obligations are merged in the judgment and lose all force and vitality and cannot be made the basis of a recovery. The same rule is held to be the law in this state (Hart v. Seymour, 147 Ill. 620), and the fact that the bonds were in judgment against the sole maker, the Aurora Mining Company, before this suit was begun, was a defense to the cause of action stated in the declaration under the general issue which was also filed. It is not necessary to refer to the other questions argued. The pleas answering the declaration and being proved, the judgment cannot be sustained, and it is therefore reversed and the cause remanded.

*Reversed and remanded.*