## Frank Morse Smith and W. H. Gelshenen, trading as N. J. Baker & Brother, Appellants, v. Ernest H. Kastor et al., Appellees.

### Gen. No. 21,259.

1. PLEADING, § 200*—*when demurrer admits provisions of foreign law.* In a bill to enforce a cause of action predicated by the averments of the bill on the statutory and constitutional provisions of a foreign State, such provisions are before the court as facts, and a demurrer to the bill admits the verity of the provisions.

2. CORPORATIONS, § 226*—*when enforcement of liability in creditors.* Under a statute providing that "any creditor of the corporation may institute joint or several actions against any of its stockholders that have not wholly paid the capital stock held by him," such liability to be "determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced," *held* that the right of action if any, under such statute to enforce a claimed liability, grounded on the alleged fact that defendants unlawfully acquired from the corporation certain shares of its stock, is in the creditors and not in the trustee in bankruptcy of the corporation, the statute not giving such right of action to the corporation.

3. CORPORATIONS, § 192*—*when stockholder's liability founded on statute.* An action to enforce a stockholder's liability on his subscription is based upon statute, stock subscriptions having been unknown to the common law.

4. CORPORATIONS, § 522*—*when creditor's right of action does not pass to trustee of bankrupt corporation.* A right of action conferred by statute upon the creditors of a corporation and not on the corporation does not pass to the trustee in bankruptcy of the corporation.

5. CORPORATIONS, § 226*—*when rights of creditors of bankrupt foreign corporation do not pass to trustee.* Where the statutes of the State under which a bankrupt foreign corporation is organized give to creditors the right of action to enforce payment for stock, the fact that the corporation was authorized to do business in this State does not operate to give such right of action to the trustee in bankruptcy.

6. CORPORATIONS, § 724*—*when liability of stockholder in foreign corporation not enforceable.* No action is maintainable in the courts of this State by creditors against resident stockholders of a bankrupt foreign corporation to enforce payment for stock, where the right of action sought to be maintained is predicated on the statutes

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the foreign State until the courts of such foreign State, in an appropriate proceeding, shall have determined the relation of creditors, stockholders and corporation to each other as well as the proportionate share of the indebtedness to be borne by each solvent stockholder.

7. PARTIES, § 31*—*when substitution unauthorized.* In a bill brought in this State to enforce payment for stock in a bankrupt foreign corporation, the allowance of a petition to substitute the trustee in bankruptcy as complainant and to eliminate the original complainants as such, *held* erroneous where the statutes of such foreign State confer such right of action on creditors and not on the corporation.

8. STATUTES, § 7*—*when remedy under foreign statute not enforceable.* No special remedy provided by the legislation of a foreign State is enforceable in the courts of this State under the principle of comity.

9. CORPORATIONS, § 229*—*what parties essential to suit by creditors of foreign corporation.* Where, in a bill by creditors of a bankrupt foreign corporation to enforce payment for stock, it is nowhere alleged that the cause of action sought to be enforced is contractual, but where on the contrary such cause of action is admittedly statutory, the corporation and stockholders are necessary parties to the action, a determination of their liabilities and relations to each other being essential.

10. EQUITY, § 213*—*when demurrer to bill properly sustained.* Where a bill stated no fact giving the court jurisdiction to decree relief, a demurrer thereto *held* properly sustained.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

ROBERT J. FRANK, for appellants.

HARRIS F. WILLIAMS and CHARLES SCRIBNER EATON, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The cause as above entitled also involves an appeal in No. 21,258 by Edwin D. Buell, trustee in bankruptcy of U. S. Kellastone Company (*post,* p. 464), a bankrupt, substituted, on his own motion and against the protest of complainants, as sole complainant in the

cause. Both appeals will rest for their decision upon this opinion.

Complainants filed their bill as creditors of the U. S. Kellastone Company, a bankrupt, in their own behalf and in behalf of such other creditors of the bankrupt as might wish to join as parties complainant against the defendants, whereby they sought to enforce a liability alleged against defendants as owners of 3,000 shares of the stock of the U. S. Kellastone Company. It is averred that defendants obtained the stock, not as original subscribers thereto, but from the Kellastone Company, in whose treasury it was at the time, without paying any adequate or lawful consideration therefor. The method or manner of the dealings by which defendants became possessed of the stock not being material to our decision is omitted from this recitation.

Defendants interposed general demurrers to the bill. Before disposing of the demurrers, Buell, as trustee, filed his petition to be substituted as sole complainant. The court sustained the demurrers and substituted Buell, trustee, as sole complainant, and the bill was then amended by eliminating complainants and substituting Buell, trustee, in their stead. To the bill as thus amended, defendants filed general and special demurrers. These demurrers were sustained. Thereupon the original and the substituted complainants elected to stand by the bill as originally filed and as amended, whereupon the court dismissed the bill for want of equity. We shall rest our decision upon two questions:

First. Was Buell, the trustee in bankruptcy of the U. S. Kellastone Company, entitled to be substituted as complainant, thereby elimintaing from the case the complainants who brought the bill?

Second. Does the bill, by either the original complainants or the substituted complainant, disclose any facts which, being confessedly true, call for the relief prayed in a court of equity?

It is essential to bear in mind that the U. S. Kella-stone Company is a corporation existing in virtue of the laws of the State of Oklahoma and that the claims by the parties must be admeasured in this cause within such laws. In fact, the right to relief is predicated, by the averments of the bill, upon section 1263 of article III, ch. 15 of the 1910 Revised Laws of Oklahoma, and of section 39, article IX of the Oklahoma Constitution. These sections of the statutes and Constitution of Oklahoma are before us as facts, and as the demurrers in law admit their verity, we shall so treat them.

First. The claim sought to be enforced by the bill against defendants is not a liability against them as stock subscribers, but is to enforce a claimed liability grounded on the alleged fact that defendants unlawfully acquired from the corporation 3,000 shares of its stock. Section 1263 of the Oklahoma statutes set out in the bill, provides, *inter alia,* that * * * any creditor of the corporation may institute joint or several actions against any of its stockholders that have not wholly paid the capital stock held by him * * * . The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock. * * * This legislation was enacted in virtue of section 29 of the Oklahoma Constitution above cited.

In construing a similar statute of New York, the Circuit Court of Appeals said *In re Jassoy Co.* 178 Fed. 515: "The bankrupt being a New York corporation, the right to levy assessment or to take other action to collect from its stockholders must be found in the statutes of this State." The New York statute referred to is not in its essence unlike that of Oklahoma. In commenting on the New York statutes the court said: "These sections give to the corporation itself no claim and no right of action against stockholders for the amount unpaid on stock held by them,"

—meaning the stockholders. The court further said: "There can be no doubt that the appointment of the receiver did not vest in him a right which was personal to the creditors." The doctrine of the *Jassoy Co.* case, *supra,* is sustained by ample authority and is controlling of the case at bar. The right of action against the defendants, if any exists, is in the creditors of the U. S. Kellastone Company and not in its trustee in bankruptcy.

*Bell v. Farwell,* 176 Ill. 489, holds to the same doctrine. No common-law right is involved, as stock subscriptions were unknown to the common law. The Supreme Court of Oklahoma has advanced the same logic and reasoning in deciding between the rights of creditors and those of a trustee in bankruptcy, in *West v. Bank of Lahoma,* 16 Okla. 508.

The fact that the Kellastone Company was authorized to transact business in this State, and did so, does not change the situation or operate to give rights to the trustee in bankruptcy which the law of Oklahoma gives exclusively to creditors. *Mead v. Davies,* 84 Ill. App. 558.

While it was error to substitute Buell, trustee, as complainant in the bill and to eliminate therefrom the creditor complainants, yet the ultimate conclusion at which we have arrived on the whole record is in no wise thereby affected.

Second. The stockholders' liability sought to be enforced by the bill in this case does not arise through a subscription to the stock of the Kellastone Company, but is a stock owners' liability, claimed by the bill to be enforceable under the Constitution and the statutes of the State of Oklahoma.

It is well settled that an action cannot be maintained in the courts of this State against a resident stockholder of a foreign corporation upon a liability predicated upon the statutes of the State granting the charter; such liability must be determined by the law

of the State which gave it its corporate vitality. *Tuttle v. National Bank of Republic,* 161 Ill. 497; *Mandel v. Swan Land & Cattle Co.,* 154 Ill. 177; *Hayward v. Sencenbaugh,* 141 Ill. App. 395.

Neither will a special remedy provided by legislation in a foreign State be enforced in this State upon the principle of comity.

A bill to enforce a liability such as that claimed against defendants cannot be enforced in the courts of this State until, by appropriate proceeding in the Oklahoma courts, the relations of the creditors, stockholders and corporation to each other have been determined and the proportionate share of the indebtedness to be borne by each solvent stockholder has been ascertained. The liability of the stockholder defendants is, by no averment of the bill, alleged to be contractual, but, if it exists, is admittedly a statutory liability, and under the statutes of Oklahoma that remedy is vested, not in the corporation, but in any creditor. In such an action the corporation and its stockholders are necessary parties, because it is essential that their relations to each other and their liability shall be established.

*Edwards v. Schillinger,* 245 Ill. 231, and cases of like import, cited by appellants, are not in point in the case at bar, for the reason that those cases proceeded against stockholders to enforce payment of their liability for unpaid stock subscription, and rest for the jurisdiction of the court upon an entirely different basis to that of the case at bar. Here the Kellastone Company could not enforce any claim against the stockholder defendants by reason of their dealings in acquiring the stock from the company. That right, if it exists, is in the creditors, under the Oklahoma statutes.

As we have concluded that the bill neither as originally filed nor as amended by the interpolation of Buell, trustee, as complainant, states any fact of which

the Circuit Court had jurisdiction to decree any relief, the bill, both in its original and amended form, is obnoxious to the demurrers interposed, and therefore the decree of the Circuit Court is affirmed.

*Affirmed.*