MABLE CARR BASS, GUARDIAN, COMPLAINANT, APPELLANT, *v.* MRS. MARY HARKREADER CARSON, EXTRX., *et al.,* DEFENDANTS, APPELLEES.

(*Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

COURTNEY C. HAMILTON and WILLIAM GREEN, for complainant, appellant.

W. S. FAULKNER, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was filed by the Guardian of Queen T. Bass, a *non compos mentis* since 1903, against Mrs. Carson as Executrix of her father, W. M. Harkreader, and as his heir, and J. J. Askew as a bondsman of the said W. M.

Harkreader, as Clerk of the County Court of Wilson County, to recover $160, with interest thereon, which went into the hands of said Harkreader as Clerk during his term of office, as of October 10, 1903. The bill charged that the said Harkreader went out of office September 1, 1910, and died in the year 1913. The Chancellor sustained demurrers and the complainant has appealed.

The decree of the Chancellor thus summarizes the defenses interposed by the demurrers and the reason for his action thereon: "As the bill concedes that the cause of action accrued in 1903; that W. M. Harkreader died in 1913; as Mary Harkreader Carson duly qualified as executor of the estate of W. M. Harkreader in the year 1913, all of which appears from the bill of complaint. That as the bill in this cause was not filed until October 16, 1929, by operation of the statute of seven years, suit for action on said alleged claim having not been brought by complainant within seven years after the death of said W. M. Harkreader, said claim is now extinguished. The Court was pleased to hold that said statute is a Rule of Property, as well as a statute of limitations, and by virtue of its application, not only bars the right of action, but extinguishes the claim. And the Court was further pleased to hold that as said right of action or claim is barred or extinguished as against the estate of Williams Harkreader and his personal representative, it is also extinguished as against the surety on his official bond as Clerk."

An amendment to the bill having been filed, the Court again sustained the demurrers, upon the same grounds. We think there is no escape from the conclusion reached by the learned Chancellor.

The insistence of counsel for appellant that the limitation statutes do not run against a *non compos*

*mentis,* conceded to be a general rule, can have no application in this case, in view of the express provisions of our statutes. Shannon's Code 4483 provides that, "all actions against the personal representative of a decedent, for demands against such decedent, shall be brought within seven years after his death, notwithstanding any disability existing; otherwise they will be forever barred." Construing this section, together with Section 4014, this Court said in *Fitzsimmons* v. *Johnson,* 90 Tenn., at page 441, "The statutes in question not only bar the remedy, but they extinguish the right of action against a dead man's estate, and afford absolute and unconditional protection against the suits of all persons, whether under disability or not," citing a number of our cases. And see later cases of *Smith* v. *Goodlett,* 92 Tenn., 232, and *Jones* v. *Whitworth,* 94 Tenn., 618.

By Section 4448 provision is made for the bringing of an action by a person of unsound mind within three years after the removal of such disability, but by Section 4449 it is expressly provided that this extension shall have no application "to actions against the estate of a deceased person brought more than seven years from the death of the deceased" etc.

It is said for the appellant that defendant Askew, being a surety on the bond of the Clerk, the father of Mrs. Carson, cannot rely on and take advantage of the limitation statutes, but the authorities are uniform to the effect that where a cause of action is barred against the principal debt, or cause of action, it is likewise barred against the surety. Many cases to this effect will be found in a note in Ann. Case 1913E, beginning on page 1265. Also in note in 60 Am. St. Reps., 207. To the same effect is 17 R. C. L., sec. 357, under the heading "Limita-

tions of Actions." None of our cases cited by counsel for appellant are to the contrary.

While it is true, as argued for appellant, that a Clerk who receives in his hands funds is a Trustee in the same sense that an Executor or Administrator is a Trustee, we think it quite obvious that the plain language of our statutes leaves room for no such distinction as is insisted upon, to the effect that these limitation statutes are without application to such a situation.

It results that the decree of the Chancellor must be affirmed.