HENDRY, Judge.
This is an appeal by the plaintiff below, 2765 South Bayshore Drive Corporation, from two separate orders of the lower court granting summary final judgment in favor of the defendants, Herbert H. Johnson Associates and Fred Howland, Inc. This suit was originally instituted upon appellant’s complaint charging the defendants with breach of contract and negligence in the construction of an office building owned by the plaintiff corporation. The defect alleged was the faulty construction of a certain chimney and flue from the oil burner located in the basement of the building and extending to the roof. Plaintiff’s claim arose when the defective chimney and flue allowed smoke and soot to escape into a portion of the air conditioning system from whence it was deposited upon walls, floors, furniture and fixtures which were a part or were contained in the building.
Defendants filed separate answers, each specifically denying any negligence or breach of contract. Both answers raised the statute of limitations, § 95.11, Fla.Stat., *913 F.S.A., as an affirmative defense. Thereafter, both defendants moved for summary judgment. Acting upon the motion of the defendant, Fred Howland, Inc., the court entered the following order, quoted in part:
“This Cause came on to be heard on the 2nd day of March, 1967, on the Motion of the Defendant, Fred Howland, Inc., for Summary Judgment, and the Court at that time indicated to all parties that this Motion would he granted unless the Plaintiff could develop evidence to establish facts to show that the Defendant, Fred Howland, Inc., had fraudulently concealed the defective construction alleged in the Complaint, thereby tolling the Statute of Limitations, it now being represented to the Court that no such evidence has been uncovered to establish this fact, and it appearing to the Court that the pleadings, depositions and Answers to Interrogatories show that there is no genuine issue as to any material fact that the Statute of Limitations has outlawed the Plaintiffs’ claims against this Defendant, and although the Plaintiff has filed, and the Court has considered, and ‘Opposition to Motions for Summary Judgment’ and the instrument therein referred to, including .the Contract Bond executed by Fred How-land, Inc., and the Travelers Indemnity Company, and although the said Contract Bond is found by the Court to be an instrument under seal, and since it is the Court’s view that the execution of the Contract Bond does not extend the Limitations period, (see Alropa Corporation vs. McNamee [143 Fla. 785], 197 So. 514), and for that reason the Plaintiff’s Motion for leave to file [a] second amended complaint will be denied, and for the reasons hereinabove stated the defendant, Fred Howland, Inc., is entitled to a Summary Judgment, it is
“Adjudged and Ordered:
“1. That Motion for Summary Judgment in favor of the defendant, Fred Howland, Inc., be and the same is hereby granted. * * *
“2. That plaintiff’s Motion for Leave to File Second Amended Complaint be and the same is hereby denied. * * * ”
The summary final judgment in favor of Herbert H. Johnson Associates is substantially the same, and we will not unduly lengthen this opinion by quoting it here.
In order to more fully delineate the issues here involved, we need only set out the chronology of events. Oh May 1, 1959, plaintiff contracted with Herbert H. Johnson Associates for the drafting of plans and specifications for the proposed building. The contract for construction of the building was executed on November 16, 1959, between plaintiff and Fred Howland, Inc., with the actual construction taking place between December 31, 1959, and January 4, 1961. The record shows that it was probably in August, 1960, that the defective chimney and flue were built by the subcontractor. On January 4, 1961, work bn the building was substantially complete, and the final payment under the contract was made by plaintiff on January 24, 1961. The defect in construction was discovered on October 26 or 27, 1964. The present suit was filed in the Circuit Court of Dade County on March 17, 1966. A performance bond was obtained by Fred Howland, Inc., through The Travelers Indemnity Co. on November 16, 1959, the date of execution of the construction contract.
Plaintiff has alleged two separate causes of action, one founded upon breach of contract, the other sounding in negligence. Since these causes of action are treated dissimilarly under § 95.11, Fla.Stat., F.S. A., each must be discussed on its own merits.
Count I of the complaint alleges damage to both the building, which is real property, and to its contents, which are chattels, as a result of defendant’s negligence. However, the record gives no indi *914 cation as to whether subsection (4) or subsection (5) of the statute of limitations was raised as a bar to this cause of action. Such a determination is unnecessary to the disposition of this appeal, since even if plaintiff is accorded the benefit of applying the longer time afforded by subsection (4), it is obvious that the cause is barred. The complaint was filed herein some five years and two months subsequent to the completion of construction, exceeding by fourteen months the time allowed to bring such action within § 95.11(4), Fla.Stat., F.S.A., supra.
Appellant argues, however, that the nature of the construction was such that the work on the chimney and flue was hidden out of sight within the wall of the building; that the defect was incapable of discovery by appellant; that such concealment of the work amounted to fraud on the part of the appellees against appellant; and, that the statute of limitations, being tolled by the fraud, commences to run only upon the discovery of the defect by appellant, so that the complaint might have been filed as late as October, 1967, and still have been within the shortest of the limitation periods. We must reject appellant’s argument for the reason that the order of the trial court, above quoted, contains the specific finding that there was no evidence of fraud, and we can find none in the record. This being so, there was no genuine issue as to any material fact, and ap-pellees were entitled to summary judgment in their favor as a matter of law as to Count I. See Visingardi v. Tirone, Fla. 1967, 193 So.2d 601; Holl v. Talcott, Fla. 1966, 191 So.2d 40; Ainsley Realty Co. v. Kramer, Fla.App.1967, 198 So.2d 640.
Count II of appellant’s complaint alleges that the defect in the construction of the chimney and flue constitutes a breach of the construction contract, entitling appellant to recovery for the consequent damage to the structure and its contents. Appellees again raised the defense of the statute of limitations, relying upon the provisions of § 95.11(3), Fla. Stat., F.S. A., supra, which bars actions upon contracts not under seal after a lapse of five years. In applying the undisputed facts to the statute, it becomes patently obvious that appellant’s claim of breach of contract was asserted approximately two full months subsequent to expiration of the time allotted for the bringing of such actions under subsection (3) of § 95.11. We can not accept appellant’s contention that the mere existence of a contract bond, which was under seal, preserves the cause of action against the principals to the construction contract by extending the statute of limitations applicable to such contract from five to twenty years. The validity of appellees’ affirmative defense and the absence of any genuine issue of material fact entitle appellees to a summary judgment on Count II as well.
Finally, appellant raises the contention that the lower court erred in refusing to allow a second amendment to the complaint to bring in The Travelers Indemnity Co. as a party defendant. There may be some merit to the proposition advanced by appellant that the bar of the statute of limitations with respect to an action against the principal does not operate to release or discharge the guarantor or surety of the obligation. See: Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1; Fidelity & Casualty Co. of New York v. Lackland, 175 Va. 178, 8 S.E.2d 306; and 58 A.L.R.2d 1273. But, cf.: Pacific Elevator Co. v. Whitbeck, 63 Kan. 102, 64 P. 984; Bass v. Harkreader, 162 Tenn. 518, 39 S.W.2d 275. However, that question is not before us and we make no attempt to decide it. Under Rule 1.190, Florida Rules of Civil Procedure, 30 F.S. A., the amendment of pleadings is a matter within the sound judicial discretion of the trial court, and the ruling below will not be disturbed where appellant has failed to allege or demonstrate an abuse of that discretion. McSwiggan v. Edson, Fla. 1966, 186 So.2d 13; United States v. State, Fla.App.1965, 179 So.2d 890; Corbett v. Eastern Air Lines, Inc., Fla.App.1964, 166 So. *915 2d 196; Houston Texas Gas & Oil Corp. v. Hoeffner, Fla.App.1961, 132 So.2d 38. Nothing herein contained should be construed to prejudice appellant’s right to seek by separate cause of action that relief which he failed to obtain by motion to amend in the instant case.
On the basis of the foregoing, the summary final judgments in favor of the ap-pellees, Herbert H. Johnson Associates and Fred Howland, Inc., must be affirmed.
Affirmed.