JAMES <em>et al.</em> v. DAY AND CLOSE.

1, **Principal and surety**: WHEN RELATION EXISTS. Where one of two joint makers of a note and mortgage given to secure it, sells his interest in the mortgaged premises to the other, the latter assuming, by the terms of purchase, the payment of the mortgage, this does not constitute the maker thus transferring his interest, a surety as to the mortgagee, nor change his liability to him, although as between themselves the mortgagors sustain such relation.

2. —— Both of the makers continuing principals as respects the plaintiff, he may, at his election, maintain an action at law against them on the note or for the foreclosure of the mortgage.

3. —— RELEASE. That plaintiff had released a portion of the mortgaged premises would not affect his right of recovery against the one who had sold his interest in the land as above stated.

4. —— SUBROGATION. A creditor is not required to surrender any of his securities to a surety until the debt for which they stand pledged is fully paid.

<em>Appeal from Lucas Circuit Court.</em>

TUESDAY, OCTOBER 7.

THE plaintiffs in their capacity as executors of the last will and testament of Caleb James, deceased, sue the defendants

on a promissory note made by the defendants, to recover an installment of interest alleged to be due thereon. The note is as follows:

"$2,000.                    CHARITON, Iowa, *May* 3, 1866.

"On or before the decease of Elizabeth James, widow of Caleb James, deceased, we promise to pay to Caleb James and Curtis H. James, executors of the last will and testament of Caleb James, deceased, two thousand dollars, with ten per cent per annum, interest payable annually, being the balance of the purchase-money of a farm purchased of the said Caleb James deceased.

"H. H. DAY,
"H. M. CLOSE."

The installment of interest alleged to be due is for the year ending May 3, 1872.

The defendant Day, by way of answer and cross-demand in equity, alleges that the note sued on was given for part of the purchase-money of a farm, purchased by the defendants from the plaintiffs; that at the time of the making of the note the defendants executed a mortgage on the farm purchased, to secure the note, which mortgage plaintiff still holds; that soon after the execution of the note and mortgage the defendant Day sold and conveyed all of his title and interest in said farm to his co-defendant, Close, who assumed and agreed to pay off said note and mortgage himself, and release said Day therefrom, and from liability thereon; that since said sale, as between the defendants, Close has been the real and sole debtor on said note, and defendant has occupied the position of a surety; that immediately after said sale and arrangement the plaintiffs were fully advised thereof and assented thereto, and from thence treated Close as the real and sole debtor on the note; that Close has since become insolvent; that the plaintiffs well knowing the facts aforesaid, without the knowledge or consent of Day, but at the sole request of Close, released portions of the mortgaged premises; that the premises released are of the value of $1,500, whereby the defendant

Day claims he is released from liability on the note. It is further alleged that Close is a non-resident of the State, and numerous judgments have been obtained against him, which are liens upon the lands released from the mortgage; that defendant Day will be greatly prejudiced by having to pay the interest due; he therefore asks that the mortgage may be foreclosed, and the same be exhausted before proceeding to collect the same from him, or that if this cannot be done, the judgment on the note be declared a special lien on the mortgage property.

To this cross-demand plaintiffs demurred, which being sustained, defendant Day appeals.

*Stuart Brothers* for the appellant.

*Thorpe & Sons* for the appellees.

MILLER, J. — The basis of the relief asked by the defendant Day, in his cross-demand, is the alleged fact that he sustains the relation of surety to his co-defendant Close. He was not surety on the note at the time of its execution and delivery. He was a joint purchaser of the land for which the note was given in part consideration, so that in making the note he became a joint maker thereof with Close for their joint debt. They were both principals in law and in fact. This the answer of Day concedes. It is alleged, however, that Day's relation to the other parties was subsequently changed, and that he became but a surety. The alleged sale by Day of his interest in the land to his co-defendant Close would not of itself have that effect. The original relation of the parties could not be changed so that Day would become a surety instead of a principal debtor unless by some valid agreement to that effect entered into by the parties. No such agreement is alleged. The alleged promise of Close to pay the entire debt created no obligation on the part of plaintiff to release Day from his liability as a principal debtor. *Stevenson & Rice* v. *District Township of Summit*, 35 Iowa, 462. While

upon a sale by Day of his interest in the land to Close, a valid agreement by the latter to pay the entire debt to plaintiffs would create the relation of principal and surety as between Close and Day, yet such agreement could not affect the mortgagees; as to them both Close and Day remained principals. *Corbet* v. *Waterman*, 11 Iowa, 86; *Massie* v. *Mann*, 17 id. 131, 135, and cases cited. Both Close and Day were originally principal debtors. They remained such as to the plaintiffs unless the latter, for a valid consideration, agreed to release Day, or to accept him as a surety only. There is no such agreement alleged in the answer.

Day being, therefore, as to the plaintiffs, a principal debtor, they are not compelled to proceed to foreclose under the mortgage for the installment of interest due on the note. They have the election to sue the makers on the note at law, or to foreclose. Revision, §§ 3663, 3664, 3671; *Hershee* v. *Hershee*, 18 Iowa, 25.

Nor did the alleged release of a part of the mortgaged property operate to discharge Day from his liability on the note as a principal debtor. The plaintiffs never accepted, or contracted with him as a surety. As to them he never sustained that relation, and therefore cannot claim the rights peculiar thereto.

Whether in any event the defendant Day would become entitled to be subrogated to the rights of the plaintiff under the mortgage we do not decide; certainly he is not now so entitled, nor will he be by payment of the interest now due on the note. It is upon the payment of *the debt* by the surety, that he becomes entitled to be subrogated to the rights of the creditor, so as to have the benefits of all the securities which the creditor had for the payment of the debt. The right does not result so much from contract as upon a principle of equity, that the surety paying off the debt shall stand in the place of the creditor with all of his rights for the purpose of obtaining reimbursement. *Massie* v. *Mann*, 17 Iowa, 131, and cases cited; *Braught* v. *Griffith et al.*, 16 id. 26, and cases cited; *Lathrop & Dale's Appeal*, 1 Barr. 512. When the surety pays the

debt so that the lien of the creditor is extinguished at law, he thereby becomes entitled to be subrogated to the creditor's rights prior to such payment. *Eddy* v. *Traver*, 6 Paige's Ch. 521. In the case before us, however, the principal of the debt is not sued for, is not yet due, and the plaintiff is entitled to hold and retain his lien, under the mortgage, until the debt shall be fully paid off. When a surety pays off the debt, equity transfers to him all the securities held by the creditor, but we have found no case holding that the creditor can be deprived of any of his securities until the debt for which they are pledged, is extinguished. He has the right both at law and in equity to retain all the securities held by him, until the entire debt is paid. No equitable right to their transfer arises as against the creditor, until full payment is made. The plaintiffs cannot be deprived of the security of their mortgage while the debt it secures remains unpaid.

The cross-bill of defendant failing to state facts entitling him to the relief demanded, the demurrer was properly sustained.

Affirmed.