Peter S. Robertson, Appellant, v. John Stuhlmiller, *et al.*

**Statute of Limitations.** Where one assumes a past due mortgage, the statute begins to run against the assumer's liability when the assumption is made.

Same. The absence of the mortgagor from the state does not stop the running of the statute as to the liability of a resident who assumes the mortgage. But it does suspend the statute as to an action to foreclose the assumed mortgage.

*Appeal from Blackhawk District Court.*—Hon. J. L. Husted, Judge.

Monday, January 21, 1895.

Action in equity to recover the amount due upon two promissory notes, and to foreclose a mortgage given to secure their payment. Demurrers to the petition were sustained, and the plaintiff refusing to plead further, judgment was rendered in favor of the defendants for costs. The plaintiff appeals.—*Reversed.*

*Mullan & Pickett* for appellant.

*Boies, Couch & Boies* for appellees.

Robinson, J.—The facts admitted by the demurrer are substantially as follows: On the first of November, 1875, the plaintiff, being the owner of one-half of a lot in the city of Waterloo, in this state, sold and conveyed it to the defendant John Stuhlmiller, and, as a part of the purchase price, the latter made to the former two notes, of five hundred dollars each, one of which was payable in one year, and the other in two years after its date, with interest at ten per cent per annum,

payable annually.   To secure the payment of the notes,
Stuhlmiller and his wife executed to the plaintiff a
mortgage on the premises sold, which was recorded on
the day the notes were given.   At the time of this
transaction, Stuhlmiller was a resident of Waterloo,
and he continued to be a resident of this state until
1883, when he moved to the territory of Dakota, and
since that time he has not been a resident of this state.
After the mortgage was given and recorded, one Jacob
Coons became the owner of the mortgaged premises,
subject to the lien of the mortgage; and on the eleventh
day of January, 1877, he sold the premises to the
defendant Sybilla Chapman, and conveyed them to her
by a warranty deed.   Her name at that time was Fern-
bach, and the deed contained a provision as follows:
"Said property is subject to the mortgage of Peter S.
Robertson, on which there is due to date one thousand
nine hundred and twenty-five one-hundredths dollars,
*      *      *     which Sybilla Fernbach assumes and
agrees to pay."   On the first day of January, 1880,
Sybilla Fernbach conveyed the premises, by warranty
deed, to Anselm Fernbach, and in the deed was inserted
the following:   "Said property is subject to a mortgage
to Peter S. Robertson, upon which there is now due one
thousand nineteen and twenty-five one-hundredths dol-
lars, which A. Fernbach agrees to pay."   After the
conveyance to Anselm Fernbach, in compliance with
his agreement, he made payments of interest which was
due on the mortgage debt from the year 1880, to and
including the year 1888; and the payments, as they
were made, were indorsed on the notes.   On the thir-
teenth day of April, 1888, he paid to the plaintiff, to
apply on the two notes, the sum of one hundred and
fifty dollars, one-half of which was indorsed on each
note, as follows:   "April 13, 1888.   Received on inter-
est seventy-five dollars.   P. S. Robertson."   There is

now due on the notes the sum of one thousand nine hundred and seventy-four dollars and fifty-four cents, with interest thereon at ten per cent. per annum from the thirty-first day of May, 1892. The plaintiff asks a personal judgment for that amount against John Stuhlmiller and Mrs. Chapman, and that the mortgage be foreclosed, and that the premises be sold to satisfy the judgment. Personal service of the original notice was made on Stuhlmiller and his wife in the state of Missouri, but neither of them entered an appearance in the case. The defendant Maggie Fernbach, for herself and as administratrix of the estate of her late husband, Anselm Fernbach, deceased, and Mrs. Chapman, demurred to the petition, and the questions we are required to determine are those raised by the demurrers.

This action was commenced on the first day of June, 1892. The grounds of the demurrers were that the petition showed that the cause of action was barred by the statute of limitations. That provides that actions founded on written contracts may be brought within ten years after the causes of action accrue, and not afterwards. Code, section, 2529, subd. 5. But it is also provided that "the time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitations" specified in the statute. Id. section 2533. As Stuhlmiller has been a resident of this state less than eight years since he made the notes in controversy, an action thereon is not barred as against him. The mortgage was intended merely to secure the payment of the notes, and is an incident of the debt they evidence, and will survive until they are paid or otherwise discharged. It follows that, so long as payment of the notes may be enforced, an action to foreclose the mortgage may be

maintained.    *Clinton  Co. v. Cox,* 37 Iowa, 570; *Brown v. Rockhold,* 49 Iowa, 282.

But it is said that, when Anselm Fernbach assumed and agreed to pay the mortgage debt, he became as to the plaintiff a principal debtor, and that, as the debt assumed was then due, the statute of limitations commenced to run at that time.    The demurrers were not general, but were based upon specific grounds.    The theory which they present is that there was a novation by which Fernbach became the principal debtor and Stuhlmiller a surety only, and the claim that Fernbach was one of two or more principals seems to have been made for the first time in this court, in argument. When Fernbach assumed and agreed to pay the mortgage debt, he made it his own, and became the principal debtor, as between himself and Stuhlmiller.    *Corbett v. Waterman,* 11 Iowa, 87.    But the relation of Stuhlmiller to the plaintiff depended upon the written agreement between them, and could not have been changed excepting by an agreement with the latter.    *Corbett v. Waterman, supra; James v. Day,* 37 Iowa, 164; *Massie v. Mann,* 17 Iowa, 132.    The acceptance by the plaintiff of money paid by Fernbach to apply on the notes did not in any manner change the relations of the parties, and nothing which could have had that effect is shown. Therefore, there is no ground for holding that, as to the plaintiff, Fernbach became the principal debtor, and that, if an action on the notes is barred as to him, it is also barred as to Stuhlmiller.    And the same conclusion must be reached if the two are regarded as principal debtors.    The fact that one of them continued to be a resident of this state until the right of action was barred as against him would not affect the liability of his coprincipal.    *Denny v. Smith,* 18 N. Y. 567; *Cutler v. Wright,* 22 N. Y. 476; *Caswell v. Englemann,* 31 Wis. 98; 13 Am. & Eng. Enc. Law, 745.

Fernbach made himself liable for the payment of the notes by an independent agreement, and, as the notes were then due, the statute of limitations then commenced to run, and the right of action upon this obligation was fully barred when this action was commenced. Nothing to prevent the running of the statute is or can be claimed for the indorsements on the back of the notes of the payments of interest. The plaintiff had no right to judgment against the administratrix of the estate of Fernbach. Nor was he entitled to a personal judgment against Stuhlmiller, for the reason that he was not a resident of this state, was served with the original notice outside the state, and has not appeared in this action. *Griffith v. Harvester Co.*, 92 Iowa, 634, 61 N. W. Rep. 245.

The right of action on the obligation of Mrs. Chapman is barred, for reasons we have sufficiently indicated in discussing the liability of the Fernbach estate. It is not shown that she has or claims any interest in the mortgaged premises, and her demurrer was therefore properly sustained. But the obligation of Stuhlmiller on the notes is valid, and the lien of the mortgage is still in force. The pleadings show that the plaintiff is entitled to a judgment for the amount of his claim as against the mortgaged premises, and to a foreclosure of his mortgage. The interest of the Fernbach estate is junior to the lien of the mortgage, not because of the obligation of Fernbach to pay the notes, but because the title he acquired was subject to the mortgage.

So far as the ruling on the Fernbach demurrer held that the estate was not liable for the payment of the notes, it was correct, and is affirmed; but so far as it held that the plaintiff was not entitled to a decree against the mortgaged premises for the amount due on the notes, and for the foreclosure of the mortgage, as a lien paramount to the interest of the Fernbach estate

and the persons entitled thereto, it is erroneous, and, to the extent indicated, the judgment of the District Court is reversed, and the cause is remanded for further proceedings in harmony with this opinion.—*Reversed.*