WILLIAM HERBOLD, Appellee, v. M. M. SHELEY et al., Appellants.

No. 38786.

JUNE 26, 1928.

OPINION ON REHEARING APRIL 5, 1929.

REHEARING DENIED DECEMBER 13, 1929.

*McCoy & McCoy* and *R. J. Smith,* for appellants.

*Henry Silwold* and *Bechly, McNeil & Scovel,* for appellee.

STEVENS, J.—I. On November 19, 1913, the appellant Tindall executed a note for $12,450, due March 1, 1918, with interest at 5 per cent, to Charles W. Clark, executor, and, to secure the payment thereof, executed a mortgage upon a tract of 103 acres in Poweshiek County. Thereafter, Tindall conveyed the mortgaged premises to the appellant Sheley, who assumed and agreed to pay the indebtedness secured by the foregoing mortgage. On February 26, 1920, Sheley sold and executed a deed conveying the same premises to Percy Engle, the grantee assuming and agreeing to pay the balance of $10,000 due on the Tindall mortgage. Before this deed was recorded, and in pursuance of an arrangement between Engle and the Citizens State Bank of Newton, the name of Engle as grantee in the deed was erased, and that of the Citizens State Bank of Newton substituted therefor. This deed was filed for record February 24, 1921. As a part of the consideration for the con-

veyance by Sheley of the mortgaged premises to Engle, the latter executed a note payable to him for $12,765, and a second mortgage on the premises to secure the payment thereof. Subsequently, upon an arrangement presently to be mentioned, the land was conveyed by the Citizens State Bank to Engle, who, on February 23, 1921, reconveyed the same to the Citizens State Bank, for an expressed consideration of one dollar and other valuable consideration. The grantee in the latter deed, in terms, assumed and agreed to pay the balance due on the Tindall mortgage, and also assumed and agreed to pay the second mortgage to Sheley. This deed also contained the following recital:

"This deed is made for the purpose of correcting and perfecting the title in said grantee. Grantor, Percy Engle, reserves his right to repurchase said premises under his contract with said grantee."

On March 4, 1918, an agreement in writing, extending the time of payment of the Tindall note and mortgage to March 1, 1923, with interest at the rate of 5½ per cent, was entered into between Clark and Sheley. Shortly before the latter maturity,—that is, March 1, 1923,—E. D. Rayburn, administrator of the Jesse Mackey estate, which owned the Tindall mortgage, demanded payment thereof of the Citizens State Bank. Full remittance was made to Rayburn, who, as administrator, assigned the mortgage to the Bankers Trust Company of Des Moines, by which it was duly assigned to the Citizens State Bank of Newton. The entire transaction appears to have been carried on by correspondence, as follows:

"Citizens State Bank. Member Federal Reserve System. Capital and Profits $75,000.00. Newton, Iowa. February 27, 1923.

"Mr. B. B. Vorse, Vice President, Bankers Trust Company, Des Moines, Iowa.

"Dear Blanchard: Mr. Ed Rayburn, Vice President of the First National Bank of Montezuma, forwarded to us a mortgage and note due March First, on which there remains a balance unpaid of $10,000.00, which mortgage covers 103 acres of land in Section 27-27-15. There is also to be included in the papers blank assignment of the mortgage in question.

"As a kindness to me I wonder if you will accept the inclosed draft on the Federal Reserve Bank and send Mr. Rayburn your cashier's check for a like amount in payment of these papers, forwarding them to us together with your bill for your services for which I shall be more than glad to make the proper restitution.

"With best regards, I am, Very truly your,
"[Signed]  W. M. Sayre, Cashier."

"February 28, 1923. Mr. W. M. Sayre, Cashier, Newton, Iowa.

"Dear Wayne: I now enclose note, mortgage and assignment as referred to in yours of the 27th. I have forwarded draft to Mr. Rayburn at Montezuma for $10,000.00, for which we received your draft for like amount. Please note that the assignment is made to the Bankers Trust Co., instead of in blank. If you will prepare assignment running from us to you, we will be pleased to execute the same for you.

"We are glad to have had this opportunity to serve you. Yours very truly,
"[Signed]  B. B. Vorse, Vice President."

"CITIZENS STATE BANK. Member Federal Reserve System. Capital and Profits $75,000.00. Newton, Iowa. March 13, 1923.

"Mr. B. B. Vorse, Vice President, Bankers Trust Company, Des Moines, Iowa.

"Dear Mr. Vorse: I filled out the assignment of mortgage blank for which you sent me on the 9th inst. and if you will execute the same and return, I will make it right with you when my ship comes in. Very truly yours,
"[Signed]  W. M. Sayre, Cashier."

"March 14, 1923. Mr. Wayne Sayre, Newton, Iowa.

"Dear Wayne: Enclosed find assignment of mortgage executed by the writer and Mr. Pidgeon, our secretary, properly acknowledged. We are very glad to be of any assistance at any time. Yours very truly,
"Vice President."

"February 28, 1923. First National Bank, Montezuma,

Iowa. Gentlemen: We now enclose check for $10,000.00 to your order, covering papers referred to in yours of the 27th.

"Yours very truly,

"Vice President."

"E. D. Rayburn, President.     A. C. Heath, Cashier
"E. B. Williams, Vice Pres.     S. E. Smith, Asst. Cashier
"No. 72-564   First National Bank.   Capital and Surplus $115,000.00.

"Montezuma, Iowa. February 27-23.
"Bankers Trust Co., Des Moines, Iowa.

"Gentlemen: At the request of Mr. Sayre of Newton I am enclosing mortgage, note and assignment of the same, Amt. $10,000.00. Mr. Sayre says he will remit interest direct to us so with this understanding you may remit us the $10,000.00 for above. Very truly yours,

"[Signed]   E. D. Rayburn, Pres."

The assignments referred to are in the usual form of such instruments.

On February 28, 1923, by an agreement in writing between the Citizens State Bank and W. M. Sayre, who was then the holder of the legal title to the mortgaged premises, the time of payment of the Tindall note was extended for five years from March 1, 1923, with interest at 6 per cent, and on the same day, the note was transferred and mortgage assigned by the Citizens State Bank to the appellee, Herbold.

Personal judgment was prayed in the petition against Tindall, as the maker of the note, and against Sheley, who, in the deed conveying the premises, assumed and agreed to pay the mortgage indebtedness. Only a decree of foreclosure was asked as against Sayre, who defaulted. Judgment and decree was entered, as prayed.

The material and controlling facts, as disclosed by the testimony of the witnesses, are without serious dispute. There is, however, a sharp difference of opinion between respective counsel as to the conclusions to be drawn therefrom.

Two primary propositions are urged by appellants for reversal: (1) That, if the Citizens State Bank acquired title to the mortgage in controversy for the consideration and in the

manner shown by the evidence, payment resulted as a matter of law, and therefore appellants were discharged from liability; and (2) that a valid extension of time in favor of the principal, without the knowledge or consent of a surety, operates to discharge the surety from liability. The appellee challenges the applicability of the second proposition.

The avoidance sought by appellee in this case of the rules stated is also predicated upon sound principles of law or equity. It is insisted by appellee that the conveyance of the legal title to the mortgaged premises to the Citizens State Bank was for the sole purpose of collateral security for indebtedness due from Engle thereto, and that the agreement of the bank to assume and pay such indebtedness was without consideration and void; that no principle of suretyship is involved; and that the assumption by the bank and its promise to pay the mortgage indebtedness, in the deed from Engle to it, was *ultra vires* and void, for the reason that the bank had no right, under the laws of this state, to purchase real estate; and that the purported authorization by the directors of the bank of the transaction was void, because the resolution was not legally adopted. Further details of the several transactions are essential to a proper understanding of the claims of counsel and of the questions to be decided.

The deed from Engle and wife to the bank was executed and delivered February 23, 1921. On the same day, the board of directors of the bank authorized, ratified, and approved the transaction, as shown by the minutes of a meeting held thereby on that date, as follows:

"Called meeting of the board of directors of the Citizens State Bank of Newton, Iowa, held at the bank's office on the above date at 10:30 o'clock A. M., with the following members present and voting in the affirmative. Dated Newton, Iowa, February 23, 1921. Moved by Pickens, seconded by W. M. Sayre, that a warranty deed heretofore made, and dated March 1, 1920, by the said Citizens State Bank to Percy Engle of Newton, Iowa, conveying the SW½ of the NW¼ and the NW¼ of the SW¼ and the north 23 acres of the SW¼ of the SW¼ in Section 22, Township 78 north, Range 15 west of the 5th P.M., Poweshiek County, be and the same is hereby ratified and

approved, and which deed was made for the purpose of revesting the title thereto in the said Percy Engle, whose name as grantee in the warranty deed to said premises from M. M. Sheley and wife, dated February 26, 1920, was erased, and the name of the said Citizens State Bank substituted therefor in said deed. Motion carried. Moved by Pickens and seconded by W. M. Sayre that the said Citizens State Bank receive and accept as additional security from the said Percy Engle the deed by himself and wife, conveying said premises to the said bank, the same being dated and delivered to the said bank February 23, 1921, and cause the same to be admitted and filed for record with the county recorder at Montezuma, Iowa. There being no further business, the meeting was on motion duly adjourned.''

It is not claimed by appellee that the assumption clause in the Engle deed was written therein by inadvertence or mistake, or that the parties did not know of its presence therein. While the minutes of the board of directors make no reference thereto, it must be assumed that the intention was to approve the deed as written, and according to its terms. The reason for the execution of the deed by the bank to Engle and the reconveyance thereof to it was to satisfy a demand by the appellant Sheley. It will be recalled that, in the deed from Sheley to Engle, the grantee assumed and agreed to pay the mortgage indebtedness, and, as a part of the consideration for the purchase, executed a second mortgage for $12,765 to Sheley. The erasure of the name of Engle as grantee in the deed and the substitution of the Citizens State Bank therefor left Sheley as the holder of a mortgage apparently executed by one having no interest or title to the premises described. So far as the record shows, Engle was satisfied with the original arrangement between him and the bank. The later transaction was had for the purpose of satisfying the demand of Sheley. Furthermore, the evidence is quite conclusive that the $10,550 paid to Rayburn, administrator of the Mackey estate, was supplied by the Citizens State Bank. There is no room for controversy on this point. On the very day that the assignment of the mortgage by the Bankers Trust Company to the Citizens State Bank was executed, the extension agreement entered into between the

bank and Sayre heretofore referred to was signed. It is recited therein that: ''Whereas the Citizens State Bank, Newton, Iowa, is now the owner of said note and mortgage.'' This, with the correspondence set out above, is sufficient to fully sustain the contention of appellants as to the source of the money used in satisfying the claim of Rayburn and the Mackey estate. This finding of fact does not, however, dispose of the contention of appellee that both of the conveyances of the mortgaged premises to the bank were intended only as security for the present and future indebtedness of Engle to the bank, and that the deed was, in effect, a mortgage. While authorities are not numerous on the question, it seems to be the rule that a clause in a deed which is, in fact, a mortgage, by which the grantee assumes and agrees to pay an existing incumbrance, is without consideration and void. *Garnsey v. Rogers*, 47 N. Y. 233 (7 Am. Rep. 440); *Broadbent v. Hutter*, 163 Wis. 380 (157 N. W. 1095); *Wisconsin Sav. Loan & Bldg. Assn. v. Boehme*, 171 Wis. 1 (176 N. W. 56). This doctrine was recognized, although not directly involved, in *Guarantee Mtg. & Fin. Co. v. Cox*, 201 Iowa 598, and *Sheley v. Engle*, 204 Iowa 1283.

The deed from Sheley and wife to Engle, or, as altered, to the Citizens State Bank, was acknowledged February 26, 1920. This deed was received by the bank October 29, 1920, and, on the same day, and as a part of the transaction, the following document, in the form of a letter to Engle, was executed and signed by W. M. Sayre, as cashier of the Citizens State Bank:

''With reference to a deed of warranty from M. M. Sheley and wife to the Citizens State Bank of Newton, Iowa, given under date of Feb. 26, 1920, which deed conveys to us the [real estate described in plaintiff's mortgage] That in consideration of a present indebtedness due this bank from you of approximately $11,500.00, you have conveyed all your right, title and interest in and to the above described premises to us, by having the grantor deed the above described land to us direct. That we are to hold said land to ourselves absolutely, as security for the above indebtedness due us from you and also as security for any indebtedness evidenced by note or otherwise which you may at any time hereafter, owe this bank.

''That in the event you are unable to pay the above or any future obligation to us within a reasonable time after they be-

come due, then in that event, we may dispose of the above described land as we see fit, but to the best possible advantage, taking into consideration the land itself and existing conditions at that time, whatever they may be, and apply the proceeds therefrom on your indebtedness to us.

"That in the event the proceeds of sale of said land are not sufficient to retire your total indebtedness to this bank at the time of sale, you are in no way released from payment of the remainder. While if profits from the sale of said land are more than sufficient to pay your entire indebtedness to us, the balance remaining after your obligation to us has been met and all necessary and legitimate expenses in connection with the sale of the land has been paid and properly cared for, is to be turned over to you.

"That in the event of the payment of your indebtedness to this bank, we agree to deed this land back to you without further demand on your part.

"That this letter constitutes the full and complete understanding between us covering this transaction which is accepted in its entirety by you, upon your delivery to us of the deed above stated. Yours truly, W. M. Sayre, Cashier."

At this time, the mortgaged premises were incumbered by the mortgage in question and the second mortgage executed by Engle and wife to Sheley. The value of the land is not shown by the evidence, but we think it must fairly be inferred from the several transactions that it was not equal to the aggregate amount of the two mortgages and the sum then due the bank. Attention has already been called to the provision of the deed from Engle to the bank, dated February 23, 1921, reserving "his right to repurchase said premises under his contract with said grantee." This deed was written by an attorney employed and paid by Engle and Sayre, the cashier of the bank.

Some time later, the bank conveyed the mortgaged premises to Sayre. Engle also executed a quitclaim deed to him. No attempt on the part of Engle to repurchase the land or to reacquire title thereto is shown. The question at this point is: Did the bank take title to the land as security only for the indebtedness of Engle, present and future, to it, or was the conveyance absolute, with the agreement or understanding that Engle could repurchase it by paying the amount due from him

to the bank? If the former, then the assumption clause upon which appellants rely was void, because without consideration; and if the latter, there was obviously a sufficient consideration, and the agreement to pay the indebtedness upon the delivery of the deeds to it became binding upon the bank. What is the conclusion to be drawn from the evidence?

The agreement copied above, together with the oral testimony of the parties interested, quite clearly shows that the conveyance was intended as collateral security for the indebtedness, present and future, of Engle to the bank. Such is the express provision of the writing, and the testimony to the same effect on this point is disputed, if at all, only by certain circumstances shown in the evidence. It is clear, under the authorities cited, that the purported assumption by the bank of the mortgage and the promise to pay the indebtedness secured thereby were without consideration, and consequently not binding upon the bank. It follows that the acquisition of title to the mortgage by the bank did not operate as payment, or to discharge appellants from liability.

II. This leaves for decision the question as to whether appellants were discharged by the several extensions of time previously referred to. The authorities are not uniform on this  point; but it is the rule in this state that, notwithstanding the fact that the mortgaged premises become the primary fund for the payment of the mortgage indebtedness, and that the relation, as between the grantor and the grantee who assumes and agrees to pay such indebtedness, becomes that of principal and surety, the rule contended for by appellants does not apply to transactions of this character, and the grantor is not, by an extension of the time of payment without his knowledge or consent, discharged from liability. *Corbett v. Waterman,* 11 Iowa 86; *Massie v. Mann,* 17 Iowa 131; *James v. Day,* 37 Iowa 164; *Robertson v. Stuhlmiller,* 93 Iowa 326; *Iowa Loan & Tr. Co. v. Haller,* 119 Iowa 645; *Baldwin v. Munger,* 200 Iowa

32. See, also, *Iowa Title & Loan Co. v. Clark Bros.*, 209 Iowa 169. It follows that the judgment must be, and it is,—*Affirmed.*

ALBERT, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.

DE GRAFF, J., dissents.