PHILLIPENA BLANK, Appellee, v. E. H. MICHAEL et al., Appellants.

No. 39217.

DECEMBER 14, 1928.

OPINION ON REHEARING JUNE 24, 1929.

*William P. Welch,* for appellants.

*D. E. Stuart,* for appellee.

MORLING, J.—The mortgagors take the position that by their conveyance of the mortgaged premises the grantee assumed to pay the mortgage when due; that mortgagee, with knowledge of  such agreement, extended the time of payment of the mortgage and note secured thereby without mortgagors' knowledge or consent, and thereby mortgagors were released. This question is in this jurisdiction *stare decisis,* adverse to mortgagors' contention. *Corbett v. Waterman,* 11 Iowa 86; *Massie v. Mann,* 17 Iowa 131; *James v. Day,* 37 Iowa 164; *Robertson v. Stuhlmiller,* 93 Iowa 326; *Iowa Loan & Trust Co. v. Haller,* 119 Iowa 645; *Herbold v. Sheley,* —— Iowa —— (224 N. W. 781); *Iowa Title & L. Co. v. Clark Bros.,* —— Iowa —— (224 N. W. 774). The mortgagors further contend that the extension agreement operated as a material alteration of the  note and mortgage sued upon, and therefore invalidated them. This contention is untenable. *Cresco Union Sav. Bank v. Terry & Terry,* 202 Iowa 778. The mortgagors further urge that the extension agreement operated as a novation. The mortgagors were not parties to the extension agreement. As there was no express agreement to extinguish their obligation and substitute a new one, or to release them, and as in this jurisdiction such an agreement is not implied, there was no novation. *Richardson v. Short,* 201 Iowa 561; *Shult v. Doyle,* 200 Iowa 1; *Davis v. Hardy,* 76 Ind. 272, 276; 46 Corpus Juris 600 *et seq.; Hopkins v. Jordan,* 201 Ala. 184 (77 So. 710); *Fish v. Glover,* 154 Ill. 86 (39 N. E. 1081). Compare *Nelson v. Hudson,* 221 Mo. App. 211 (299 S. W. 1111); *Callaham v. Ridgeway,* 138 S. C. 10 (135 S. E. 646).—*Affirmed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, and WAGNER, JJ., concur.

DE GRAFF, J., dissents.

DE GRAFF, J. (dissenting).—As a basis of my dissent, I urge

404

the reasons stated in a dissent filed in *Iowa Title & L. Co. v. Clark Bros.*, —— Iowa —— (224 N. W. 774), cited in the majority opinion herein. The facts in the instant case are quite analogous to the facts in the *Iowa Title & L. Co.* case, supra.