ROYAL UNION LIFE INSURANCE COMPANY, Appellee, v. JOHN W. WAGNER et al., Appellants (and two other cases).

No. 39924.

NOVEMBER 21, 1929.

*Miller & Everett* and *D. N. Clark,* for appellants.

*Mabry & Mabry* and *W. R. C. Kendrick,* for appellee.

PER CURIAM.—This action is for the foreclosure of a mortgage. The note and mortgage securing the same were executed by John W. Wagner and his wife, Emma Wagner, and Frank A. Wagner and his wife, Cora Wagner. The note bears date February 14, 1920, and according to its terms, became due March 1, 1925. The mortgage contains an acceleration clause, providing therein that the entire indebtedness shall become payable for default in payment of interest at the times when due. After the execution of the note and mortgage, the Wagners sold the mortgaged real estate to the defendant U. G. Turner, conveying the same by warranty deed. In like manner, the defendant Turner and his wife subsequently sold and conveyed the mortgaged real estate to the defendants John Spencer and G. B. Spencer. On December 16, 1921, John Spencer, named as one of the grantees in the deed from Turner, sold and conveyed by warranty deed his undivided one-half interest in the mortgaged real estate unto the defendant G. B. Spencer. The spouse of John Spencer joined him in the execution of said deed. The grantees in the respective deeds assumed and agreed to pay the mortgage indebtedness of $20,000. On March 31, 1925, there was remaining unpaid on the note the sum of $15,000, at which time an extension agreement was entered into between the plaintiff

and G. B. Spencer and his wife, purporting to extend the time of payment of the principal debt until March 1, 1930.

The interest which became due on March 1, 1928, was not paid, and on the 13th day of the following July, this action was begun. The suit is founded upon the note and mortgage executed by the Wagners and the assumption agreements in the aforesaid deeds. Personal judgment is asked against the Wagners on the note and against the defendants U. G. Turner, John Spencer, and G. B. Spencer by reason of their assumption agreements in the respective deeds. The defendants G. B. Spencer and his wife made default.

The affirmative allegations of the answers of the defendants Wagner, Turner, and John Spencer were stricken by the court, upon motion by the plaintiff to strike, which was the equivalent of a motion to dismiss, formerly known as an equitable demurrer. Said affirmative allegations, which are contended on this appeal to have been improperly stricken, are, in substance, as follows: That the extension agreement operated as a novation; that the liability for the payment of the mortgage debt of each grantor in the aforesaid deeds was that of surety only, and therefore secondary to the liability of the grantees therein; and that, with full knowledge of this situation by the plaintiff, and without the knowledge, consent, or concurrence of the answering defendants, the extension agreement was entered into with G. B. Spencer and his wife; and that, by reason of said extension of time of payment, the answering defendants are released and discharged from any liability upon the debt; that the extension agreement operated as a material alteration of the note and mortgage sued upon, and therefore invalidated them.

The defendants Wagner filed a cross-petition against the defendants U. G. Turner, John Spencer, and G. B. Spencer, in which they asked that, in the event that the plaintiff Insurance Company be found entitled to judgment against them (the Wagners), then they (the Wagners) have personal judgment against said defendants U. G. Turner, John Spencer, and G. B. Spencer, by reason of their assumption agreements to pay the mortgage indebtedness, as evidenced by their warranty deeds.

The defendant Turner filed cross-petition against the defendants John Spencer and G. B. Spencer, praying to the same

effect. The cross-petitions of the Wagners and Turner were attacked by the defendant John Spencer by motion to dismiss, which was overruled.

The court, on plaintiff's cause of action, rendered personal judgment on the note against the Wagners and against the defendants U. G. Turner, John Spencer, and G. B. Spencer, by reason of their assumption agreements contained in their respective deeds, and decreed foreclosure of the mortgage. On the cross-petitions of the Wagners, he rendered judgment in their favor against the defendants U. G. Turner, John Spencer, and G. B. Spencer, for the amount of plaintiff's judgment. On the cross-petition of U. G. Turner, he rendered judgment against the defendants John Spencer and G. B. Spencer for the amount of plaintiff's judgment. The decree provides for the sale of the mortgaged real estate on special execution, and that the proceeds of the sale be applied to the liquidation and payment of the judgment rendered in favor of the plaintiff Insurance Company, and that, if such proceeds are not sufficient to completely and fully pay the said judgment, then the amount of such proceeds be credited upon the judgments against each and all of the defendants against whom such judgments are rendered, and that the plaintiff should have general execution against such judgment defendants against whom such deficiency judgments shall remain unpaid. The decree further provides that the proceeds from the sale of the real estate on special execution so credited upon the judgment rendered in favor of the plaintiff Insurance Company shall likewise be credited on the judgment rendered in favor of the Wagners against the defendants U. G. Turner, John Spencer, and G. B. Spencer, and shall likewise be credited upon the judgment rendered in favor of the cross-petitioner U. G. Turner against the defendants John Spencer and G. B. Spencer, and awards a general execution against the property of the defendants U. G. Turner, John Spencer, and G. B. Spencer for any amount of the judgment which the Wagners shall be required to pay after the application of the proceeds of said real estate upon the judgment rendered in favor of the plaintiff Insurance Company and against them, and likewise awards a general execution against the property of the defendants John Spencer and G. B. Spencer for any amount which U. G. Turner may be required to pay upon the judgments rendered against

him after the application of the proceeds from the sale of the real estate have been applied upon said judgments. The defendants Wagner, Turner, and John Spencer appeal from the judgment against them in favor of the plaintiff Insurance Company, and the defendant John Spencer appeals from the judgments of the Wagners and U. G. Turner against him.

It is contended by the appellant John Spencer that ·in no event could judgment be rendered against him for more than one half of the amount of the indebtedness. This contention of  said appellant's is devoid of merit. By the terms of the deed from the Turners to John Spencer and G. B. Spencer, the grantees assumed and agreed to pay the mortgage indebtedness, and by their assumption agreement each became liable for the whole amount of the indebtedness.

The appellant John Spencer urges nothing in his brief and argument against the judgments against him in favor of the Wagners and Turner other than what is urged against the judg-  ment in favor of the plaintiff. Therefore, the only questions for our consideration and determination are: (1) Did the extension agreement operate as a novation? (2) Did the extension of the time of payment release the answering defendants from liability for the payment of the debt? (3) Did the extension agreement operate as a material alteration of the note and mortgage?

"The essentials of a novation are: (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; (4) the validity of the new one." *Hannan v. Murphy*, 198 Iowa 827.

A portion of the elements are lacking in the instant case. There was no substitution of the extension agreement entered into between the plaintiff Insurance Company and G. B. Spencer and his wife for the agreement of the Wagners to pay the note or for the liability of the respective grantees in the deeds to pay in accordance with their assumption agreements. By the extension agreement there was no extinguishment of the old or previous contract nor of the debt. The answering defendants are not parties to the extension agreement, nor did they agree or

consent to the new contract, the extension agreement. Their averment in their answer is, in substance, that the extension agreement—the claimed novation—was entered into without their knowledge, concurrence, or consent. Therefore it is quite clear that the extension agreement claimed by the answering defendants to be a novation is lacking in a portion of the elements essential to constitute a novation. That there was no novation, see *Blank v. Michael,* 208 Iowa 402; *Benton v. Morningside College,* 202 Iowa 15; *Kirchman v. Standard Coal Co.,* 112 Iowa 668; *Richardson v. Short,* 201 Iowa 561.

 That the extension agreement did not operate as a material alteration of the note and mortgage sued upon, see *Blank v. Michael,* supra; *Cresco Union Sav. Bank v. Terry & Terry,* 202 Iowa 778.

The contention that the extension agreement operated as a release of the liability of the answering defendants for the payment of the note is also without avail, and is fully answered by  our recent cases, *Iowa Title & Loan Co. v. Clark Bros.,* 209 Iowa 169; *Herbold v. Sheley,* 209 Iowa 384; *Blank v. Michael,* supra. Further discussion of the propositions urged is unnecessary.

All propositions relied upon by the respective appellants for a reversal having been herein considered, and no merit having been found therein, the judgments of the trial court are hereby affirmed.—*Affirmed.*