## Louisville Joint Stock Land Bank v. Kenner et al.

(Decided June 15, 1934.)

H. W. LINTON for appellant.
WHITE & CLARK for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant, hereinafter called the Bank, has appealed from a judgment denying it a deficiency judgment against the appellee.

The Bank, on October 7, 1931, sued Lee Roy Cayce and his wife, Sallie Mae Cayce, L. R. Kenner, and his wife Pearl Kenner, Addie Dean Carroll and J. F. Carroll, her husband, Mamie Belle Myers and Clay Myers, her husband, and R. W. Watts. It asked for a judgment against all but Watts for $11,791.09, the balance due it on a mortgage and for $67.40, which it had paid for insurance on the mortgaged property, credited by $100 that had been paid it thereon. It also asked for the sale of 257 acres of land that had been mortgaged to it, and against Watts it asked that he be required to

set up any lien he had on the property. Cayce and wife had mortgaged the premises to the Bank on September 2, 1922. On February 27, 1925, the premises were deeded by them to the Kenners; on July 5, 1927, the Kenners conveyed it to the Haddocks, and on September 5, 1931, they conveyed it to Carroll and Myers. In the deed from Cayce and wife to the Kenners this appears:

"And the further consideration that said parties of the second part do hereby assume the payment and obligate themselves to pay a certain mortgage indebtedness to the Louisville Joint Stock Land Bank in the sum of $13,000, which indebtedness is secured by a mortgage upon the hereinafter described property, to the Louisville Joint Stock Land Bank of Louisville, Kentucky, said mortgage bearing date September. 2, 1922, and recorded in mortgage book 110, at page 508, in the office of the Christian County Court Clerk, the same being upon the amortization plan of payment."

That same provision was inserted in the deed to the Haddocks and in the deed to Carroll and Myers. By appropriate words it was in the mortgage to the Bank, provided that the buildings on the property should be kept insured and that if the owners failed to do so the Bank might procure such insurance at the expense of the owners of the property. Cayce and wife and Kenner and wife filed a verified answer saying therein:

"They admit that said deed states, as a part of the consideration for said real estate, the said L. R. Kenner and Pearl his wife, assumed and agreed to pay the unpaid part of the Thirteen Thousand and no/100 [$13,000.00] Dollars, mortgaged indebtedness then held by the plaintiff on said property, but say that said statement in said deed was not the truth, or any, agreement between the defendants, Lee Roy Cayce and Sallie Mae Cayce, his wife, and the said L. R. Kenner and Pearl Kenner, his wife, and that the same was incorporated in said deed by mistake and an oversight on the part of the draftsman of said deed. * * *

"They state that prior to the 27th day of February, 1925, the defendants, L. R. Kenner and Pearl Kenner, his wife, had from time to time advanced certain sums of money to their co-defendants, Lee Roy Cayce and Sallie Mae Cayce, his wife, as loans

to be used by them for the purpose of paying the deferred payments due the plaintiff herein. In order to secure the said L. R. Kenner and Pearl Kenner against loss, it was agreed by and between them and the said Lee Roy Cayce and Sallie Mae Cayce, his wife, that they should have a lien upon the property described in the plaintiff's petition. In accordance with said agreement and to secure the said L. R. Kenner and Pearl Kenner, his wife, against loss by reason of said advancements and to secure the payment of said loans, the said Lee Roy Cayce and Sallie Mae Cayce, his wife, executed and delivered the alleged deed set up in the plaintiff's petition, which was in legal effect a mortgage. It was no part of the agreement between any of these defendants that the said L. R. Kenner and Pearl Kenner, his wife, should assume the payment of said indebtedness of the plaintiff, or that they should obligate themselves to pay said mortgage indebtedness, and it was not the purpose of said deed to vest the fee simple title in and to said land in the said L. R. Kenner and Pearl Kenner, his wife. The said defendants, L. R. Kenner and Pearl Kenner, his wife, never saw said deed and never took possession of said land and never claimed and never exercised the ownership over the same, but said property remained at all times in the hands of the said Lee Roy Cayce and Sallie Mae Cayce, his wife, to cultivate, manage, control and operate the real estate set up in the plaintiff's petition, until the date of the sale thereof to Minnie Haddock and Clifton Haddock, which took place as set out in the plaintiff's petition, on the 5th day of July, 1927. Said property was never sold by said defendants, L. R. Kenner and Pearl Kenner, his wife, and the same never belonged to them.''

They attacked the above-quoted provision of the deed made between them and allege:

"Said provision was inserted by the mutual mistake of the parties and as a result of the mistake and oversight on the part of the draftsman, who prepared said deed. * * *

"They pray that said mistake may be corrected; that the deed may be reformed so as to make the same conform to the real agreement of

the parties herein, and that said deed may be enforced as reformed, and that the plaintiff's petition be dismissed in so far as the same undertakes to seek a personal recovery against the defendants, L. R. Kenner and Pearl Kenner.''

No other answers were filed. An order for sale of the premises was entered, other issues being left open for further orders. The premises were sold for $8,000, the sale was confirmed, and now began the struggle with the Kenners relative to a judgment against them for the deficiency. The Bank pleaded an estoppel against the Kenners. The first effort of the Kenners was to get the deed to them so reformed as to show it was in fact a mortgage, then to rid themselves of the assumption of this debt. A mortgage may be in the form of a deed containing a provision for defeasance. In this case the defeasance was contained in a separate instrument of the same date as the deed, but which was signed a few days later. An absolute deed, as this one, may be converted into a mortgage by such an instrument. Watkins v. Wallace, 206 Ky. 264, 267 S. W. 183; Marshall v. Lewis, 4 Litt. (14 Ky.) 140; 41 C. J. p. 320, sec. 79. All parties that could be affected were before the court.

The evidence was sufficient to justify the desired reformation as to the immediate parties to the deed, and the sole question is: Can it be reformed as against the Bank?

Mr. James McKenzie, the attorney who prepared this deed and defeasance, in his deposition said:

''I see from a letter, dated March 25, 1925, which is the date of both of these documents referred to in the evidence, that my law partner, Mr. Ira D. Smith, wrote a letter to the Louisville Joint Stock Land Bank of Louisville, Kentucky, in regard to this transaction, in which the bank was notified that the policies which you now hold or Nos. 6472 and 6252, 'which you will please return to Mr. Lee Roy Cayce, of this city, for cancellation' and the letter also states that 'new insurance policies have been issued in the names of the new owners which you will find herewith enclosed to be held in connection with the loan.' ''

Mrs. Kenner in her deposition admitted she wrote this letter:

"Hopkinsville, Ky., August 31, 1925.
"Gentlemen: ·

"Inclosed find check for the fifth payment on loan. Please send me a receipt as I have misplaced the slip that you sent me."

This letter is in the record:

"Hopkinsville, Ky., July 5, 1927.
"Louisville Joint Stock Land Bank,
"Louisville, Ky.
"Gentlemen:

"We have this day sold our farm located on the Lafayette road to Mrs. Minnie Haddock. You hold the loan on this property which was trars-ferred by Mr. James McKenzie to Mrs. Minnie Haddock, she assuming the loan. This property is insured in the Home Insurance Company of New York, you have the policy. As the Home Insur-ance have no agent here now will you kindly take up with Mr. George Cundiff, State Agent for the Home Insurance Company of New York with offices Starks Building your City and have this insurance transferred to Mrs. Minnie Haddock.

"Thanking you in advance to give this matter prompt attention so this property will be protected.
"Very truly yours
"L. R. & Pearl Kenner."

Mrs. Kenner was not asked about this letter, but Mr. Kenner was, and he said neither he nor his wife signed it. Mr. Cayce testified he wrote and signed this letter. There is another letter in the record about which Mrs. Kenner was not asked, but her husband was, and he said it was, so he thought, in her handwriting, but he would not be positive about it. The letter is as follows:

"Hopkinsville, July 14, 1927.
"Sir:

"I am sorry we failed to give the address of Mrs. Minnie Haddock, Fourth and South Liberty Street, Hopkinsville, Kentucky. Hoping this to be just what is necessary and you have no further trouble with it.
"Respectfully, ·
"[Signed]   L. R. Kenner."

There is no evidence the Bank ever received any of these letters or in any manner learned of the existence of the instrument dated February 27, 1925, or did or refrained from doing anything because of it. The only evidence we have that it ever knew of it or relied upon or accepted it is it sued upon it.

Mrs. Kenner did not remember whether the Bank sent her notices relative to maturity of interest payments or not. The Kenners never took possession of this property. Cayce remained in possession until he sold it to the Haddocks, and he conducted the negotiations that led to that sale. The Bank continued to correspond with Cayce about its loan. It sent to him the notice of the maturity of payment No. 6 on March 1, 1926, and sent to him the receipt when he paid it. It sent to him the notice of payment No. 7 due September 1, 1926, and sent to him the receipt when he paid it on August 30, 1926, and it accepted his check for the payment due March 1, 1927.

So we find it never treated the Kenners as its debtors, but contniued to deal with Cayce and to treat him as such; hence it cannot now consistenty contend it had accepted the Kenners as its debtors and claim the benefit of their assumption of this debt. Cayce and the Kenners say this was not a deed but only a mortgage; they are now endeavoring to so reform it as to make it such. If the Bank knew the true facts, that is, knew it was only intended as a mortgage, it cannot object to such reformation of it as will make it such, and its conduct in continuing to send notices to Cayce looks like it knew the truth, and it has offered no evidence that it did not. Cayce and the Kenners treated the transaction of February 27, 1925, as a mortgage and so did the Bank. The trial court's judgment in effect reformed this instrument and held it to be a mortgage. When that was done, then this, which is taken from 19 R. C. L. p. 379, sec. 149, applies:

"The rule obtains without exception that the assumption of an anterior mortgage by a subsequent mortgagee or by the grantee in a deed intended as a mortgage does not impose upon the mortgagee or grantee a personal liability to pay, enforceable by the prior mortgagee. The agreement to pay in such cases is not a promise made to the mortgagor for the benefit of the prior mortgagee, but is a promise

"for the benefit of the mortgagor only; it is to protect his property by advancing money to pay his debt."

See, also, Lloyd v. Lowe, 63 Colo. 288, 165 P. 609, L. R. A. 1918A, 999; Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440; Herbold v. Sheley, 209 Iowa, 384, 224 N. W. 781; Broadbent v. Hutter, 163 Wis. 380, 157 N. W. 1095; and Wisconsin, etc., v. Boehme and Strauss, 171 Wis. 1, 176 N. W. 56.

Judgment affirmed.